Katy M. Young (SBN 267791)
Hannah M. Stitt (SBN 309349)
**AD ASTRA LAW GROUP, LLP**
582 Market Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 795-3579
Facsimile: (415) 276-1976
kyoung@astralegal.com
hstitt@astralegal.com

Attorneys for Plaintiff
Far West Brewing, LLC dba Fieldwork Brewing Co.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| FAR WEST BREWING, LLC DBA FIELDWORK BREWING CO, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DECIDUOUS BREWING CO., LLC, a New Hampshire limited liability company,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

-1-
**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Far West Brewing, LLC dba Fieldwork Brewing Company alleges as follows for their Complaint against defendant Deciduous Brewing Co., LLC:

## THE PARTIES

1. Plaintiff Far West Brewing, LLC dba Fieldwork Brewing Company ("Fieldwork" or "Plaintiff") is a limited liability company headquartered in Berkeley, Alameda County, California. Its principal place of business is located at 1160 Sixth Street, Berkeley, CA 94710.

2. Defendant Deciduous Brewing Co., LLC ("Deciduous" or "Defendant") is a limited liability company headquartered in Newmarket, Rockingham County, New Hampshire. Its principal place of business is located at 12 Weaver Street, Unit B, Newmarket, NH 03857. Deciduous is owned and operated by Frank and Maryann Zagami.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because it involves substantial claims under the Lanham Act.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because (a) Plaintiff operates its business in California and Defendant operates its business in New Hampshire, and (b) the amount in controversy exceeds $75,000.00.

5. This Court has specific personal jurisdiction over Defendant Deciduous under California Code of Civil Procedure section 410.10. *See*, *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1154 (9th Cir. 2006) ("Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process").

## VENUE

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391 because, as described in the following paragraphs, a substantial part of the events giving rise to Plaintiff's claims occurred within the Northern District of California. These events include Defendant's use of social media platforms headquartered in San Mateo and San Francisco Counties, and Plaintiff's injury, suffered in Alameda County.

///

///

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL**

**INTRADISTRICT ASSIGNMENT**

7. Intradistrict assignment, pursuant to Northern District of California Local Rule 3-2(c), is proper in San Francisco or Oakland because this case arises from an injury suffered by Plaintiff Fieldwork, whose principal place of business is in Alameda County, resulting from Defendant Deciduous' use of Facebook and Instagram, both of which are Internet-based services provided by Facebook, Inc., whose principal place of business is in San Mateo County. Defendant Deciduous also used Twitter, an Internet-based service based in San Francisco, to infringe on Plaintiff's mark. Pursuant to Local Rule 3-2(d), cases arising from events in Alameda, San Francisco, and San Mateo Counties are assigned to the San Francisco or Oakland Division.

**GENERAL ALLEGATIONS**

8. Fieldwork is a craft brewery and eatery with taprooms located in the California cities of Berkeley, Monterey, Napa, Sacramento, San Mateo and San Ramon. Fieldwork Brewing Company was established in 2014.

9. Fieldwork owns the FIELDWORK word trademark for goods and services in International Class 032 and U.S. Classes 045, 046 and 048 (namely: beer, ale, lagers, stouts and porters) on the Principal Register for the United States Patent and Trademark Office ("the PTO") (Registration No. 4871414; Serial No. 86263563) ("FIELDWORK" or "the Mark"). Fieldwork is the sole and exclusive owner of the Mark.

10. Fieldwork uses the Mark: at its breweries and pubs across California; on products distributed to taprooms, bars, and restaurants in the United States; on Fieldwork's website; on social media accounts of all kinds; at craft beer festivals and events; on radio shows and podcasts; and in marketing and advertising materials between Fieldwork and its customers and vendors. Through use of the Mark in these various commercial channels, Fieldwork has gained substantial brand recognition and notoriety throughout California and the United States.

11. Deciduous operates a brewery, and is using or has wrongfully used, Fieldwork's Mark to offer the following beers for sale: Fieldwork 10.0 (an IPA), Fieldwork 9.0 (an American IPA), Fieldwork 8.0 (an American IPA), Fieldwork 7.0 (a New England IPA), Fieldwork 6.0 (a New England IPA), Fieldwork 5.0 (an IPA), Fieldwork 4.0 (a New England IPA), Fieldwork 3.0 (a New

England IPA), Fieldwork 2.0 (a New England IPA), Fieldwork (Double IPA), Fieldwork (Experimental Hoppy Ale Series) and Fieldwork with Crosby Farms Hops (an American Imperial IPA).

12. Deciduous continues to advertise craft beer products for sale under Fieldwork's Mark via Deciduous' social media accounts including, but not limited to, Facebook, Instagram and Twitter.

13. Fieldwork first used FIELDWORK in connection with its brewery and beer products on or about February 11, 2015. Fieldwork has used, and will continue to use, the FIELDWORK trademark in commerce throughout the Northern District of California.

14. The FIELDWORK mark is arbitrary as used in conjunction with beer products, ales, lagers, stouts and porters (i.e., goods in International Class 032 and U.S. Classes 045, 046 and 048).

15. The FIELDWORK trademark is frequently displayed alongside the image of a leaf:





16. The Mark is also used by Fieldwork to identify Fieldwork's products for sale through social media platforms such as those operated by Instagram, Facebook, Twitter, and Yelp.com. Customers may also navigate from those social media platforms to www.fieldworkbrewing.com to purchase FIELDWORK beer and related products online.

17. Fieldwork also uses the Mark to sell a beer named Fieldwork Dry (a Light Lager):



18. In addition to Fieldworks' primary advertising streams of its website, Facebook, Instagram and Twitter, the company has appeared multiple times on the Brewing Network podcast, a national platform for home brewers and the craft beer community. Most recently, Fieldwork appeared on Brewing Network, on September 3, 2018, to promote its craft beer brewed in collaboration with the 21st Amendment Brewery named A Terrible Idea (a Hazy IPA). Fieldwork's craft beer collaboration, A Terrible Idea, was sold in New Hampshire. *See e.g.*, *21st Amendment Collaborates with Fieldwork on A Terrible Idea Hazy IPA*, BREWBOUND (BevNET.com, Inc.), August 14, 2018 https://www.brewbound.com/news/21st-amendment-collaborates-fieldwork-terrible-idea-hazy-ipa (explaining, "a limited amount of A Terrible Idea will be available in six-packs and on draft in all 21[st Amendment] distribution markets including AK, AZ, CA, CT, DE, FL, GA, ID, IL, KY, MA, MD, ME, MN, NC, NH, NJ, NV, NY, OH, OR, PA, RI, SC, VA, VT, WA and Washington D.C.").

19. Deciduous operates a brewery in Newmarket, NH. On information and belief, Deciduous began operating in or about July 2015.

20. Deciduous directly advertises its beer products for sale on Instagram, Facebook and Twitter. Its products, sold under Fieldwork's Mark, are also advertised for sale on the following websites: Beeradvocate, Untappd, BreweryDB, Craft Collective, and RateBeer. All of those platforms direct craft beer consumers to Deciduous' Facebook webpage to complete purchase.

Deciduous also sells beer under Fieldwork's Mark at events and festivals.

21. Deciduous has used Fieldwork's Mark to sell beers under the name "fieldwork" and Fieldwork's brand since at least January 2018. For example:

- Deciduous advertised its Fieldwork 2.0 beer as available for purchase at its brewery in Newmarket, NH on January 28, 2018 on Facebook;



- Deciduous advertised its Fieldwork 3.0 (Double IPA hopped with Citra, Vic Secret and Simcoe) beer as available for purchase at its booth at the 2018 Hunahpu's Day festival hosted by Cigar City Brewing in Tampa, Florida;
- Deciduous advertised its Fieldwork (Experimental Hoppy Ale Series) and Fieldwork (Double Dry Hopped IPA with Ella, Enigma and Vic Secret) beers as available for purchase at its brewery in Newmarket, NH on April 6, 2018 through Facebook;

///

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL**

- Only a few days later, Deciduous advertised its Fieldwork 4.0 beer (a New England IPA with 6.0% alcohol content) as available for purchase on tap from Hop + Grind, located at 17 Madbury Road, Durham, NH 03824, on April 14, 2018;
- Deciduous advertised its Fieldwork 6.0 beer (a Double IPA with 8.0% alcohol content, and hopped with Amarillo, Citra and Motueka), in packs of four, for $20.00 on Instagram and Facebook on July 6, 2018;
- Deciduous advertised its Fieldwork (Experimental Hoppy Ale Series) for sale at its brewery in Newmarket, NH on July 7, 2018; and
- Deciduous released another batch of Fieldwork (Double IPA) for sale at its brewery as recently as December 21, 2018.



22. In addition to causing actual confusion in the market by infringing upon Fieldwork's Mark and brand for craft beers sales under the name "fieldwork," Deciduous also uses an image of a leaf as its design or logo that is confusingly similar to Fieldwork's long-established logo.



**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL**

23. On information and belief, both companies have sold craft beer in Denver, Colorado under Fieldwork's Mark: Fieldwork marketed its products to craft beer consumers at the Great American Beer Festival, while Deciduous distributes to The Crafty Fox Taphouse + Pizzeria.

24. On information and belief, neither Deciduous nor its individual owners and operators own any word, service, or design trademark registered with the PTO.

25. Fieldwork first learned of Defendant Deciduous' infringing use of its FIELDWORK mark within 2019.

26. On or about February 8, 2019, Barry Braden (Chief Executive Officer of Fieldwork) contacted Deciduous, and spoke with Mr. Frank Zagami, informing him about Fieldwork's Mark, and demanding that Deciduous immediately discontinue all infringing activity. Deciduous was not receptive to Fieldwork's demand and refused to cease the infringing activity. Fieldworks' efforts to resolve this dispute through counsel in March and April 2019 also proved fruitless.

### FIRST CAUSE OF ACTION

**Trademark Infringement Under the Lanham Act**

15 U.S.C. § 1114

27. Plaintiff incorporates herein by this reference paragraphs 1 through 26 as though fully set forth herein.

28. FIELDWORK is a valid, protectable work trademark registered with the PTO (i.e., Registration No. 4871414; Serial No. 86263563).

29. Plaintiff Fieldwork owns the name "fieldwork" as a word trademark, and uses it to sell craft beers online and in its taprooms.

30. Defendant Deciduous used the name "fieldwork" alongside a relief-stencil image of a leaf—a word mark identical to Plaintiff's FIELDWORK trademark, and an image similar to Plaintiff's logo—without the consent of Plaintiff, and in a manner that is likely to cause confusion among ordinary consumers of craft beers, stouts, lagers and porters in the United States as to the source, sponsorship, affiliation, or approval of the goods sold.

31. Plaintiff Fieldwork has been harmed economically by Defendant Deciduous' use of the Mark and should be awarded damages in an amount according to proof at trial.

32. Defendant Deciduous' knowing infringement of Plaintiff Fieldwork's Mark warrants an award of treble damages.

33. Defendant Deciduous has been enriched by wrongfully usurping Plaintiff Fieldwork's hard-earned good will with craft beer consumers in the United States, and its profits should be disgorged and awarded to Plaintiff.

34. Plaintiff Fieldwork has already incurred, and will continue to incur, significant costs in prosecuting Defendant Deciduous' willful infringement of the Mark. This Court should award Plaintiff Fieldwork its reasonable attorney's fees and costs incurred prosecuting Defendant Deciduous' infringement of the Mark.

35. Plaintiff Fieldwork lacks an adequate remedy at law because of the irreparable and unquantifiable injury that results from trademark infringement. Infringement on a trademark creates a presumption of irreparable harm. Accordingly, this Court should enjoin Defendant Deciduous' use of the Mark.

## SECOND CAUSE OF ACTION

**Trademark Infringement Under California State Law**

Cal. Bus. Prof. Code §§ 14200 *et seq*.

36. Plaintiff incorporates herein by this reference paragraphs 1 through 35 as though fully set forth herein.

37. California Business and Professions Code section 14200 through 14272 and California common law both afford the owner of a trademark (either by common law rights or registration of the trademark with the California Secretary of State) the right to exclusive use of the trademark for the given type of business.

38. Plaintiff Fieldwork owns the FIELDWORK mark under California law based on prior use within the State of California, which creates common law rights under California law, and registration of the Mark with the PTO.

39. Plaintiff Fieldwork uses the FIELDWORK mark throughout California to sell craft beers and related alcoholic beverage products.

40. Defendant Deciduous uses the name "fieldwork" in California to sell craft beers.

41. Defendant Deciduous' use of the Mark in California is likely to cause confusion among ordinary consumers of craft beers in California as to the sources, sponsorship, affiliation, or approval of goods sold.

42. Plaintiff Fieldwork has been harmed by Defendant Deciduous' use of the Mark and therefore it should be awarded damages in an amount according to proof at trial.

43. Defendant Deciduous' infringement of Plaintiff Fieldwork's Mark warrants an award of treble damages.

44. Plaintiff Fieldwork lacks an adequate remedy at law because of the irreparable and unquantifiable injury that results from trademark infringement. Infringement on trademarks creates a presumption of irreparable harm. Accordingly, this Court should enjoin Defendant Deciduous' use of the Mark in California.

## THIRD CAUSE OF ACTION

### Unfair Trade Practices Under California's Unfair Competition Law

Cal. Bus. Prof. Code §§ 17200 *et seq*.

45. Plaintiff incorporates herein by this reference paragraphs 1 through 44 as though fully set forth herein.

46. Defendant Deciduous, by engaging in the wrongful conduct alleged in this Complaint, engaged in unlawful, unfair, and/or fraudulent business acts or practices, within the meaning of California Business and Professions Code section 17200 et seq. (the "UCL").

47. Defendant Deciduous engaged in unlawful behavior by infringing on Plaintiff Fieldwork's Mark.

48. Defendant Deciduous engaged in unfair or fraudulent behavior by advertising craft beer for sale in a state where the trademark FIELDWORK is known to customers and associated with Plaintiff Fieldwork's craft breweries and taprooms, and in a way that would trick consumers into believing that they are purchasing from the reputable businesses of Plaintiff Fieldwork.

49. Defendant Deciduous' unlawful, unfair, or fraudulent conduct resulted in unfair competitive advantage to Defendant Deciduous at Plaintiff Fieldwork's expense, and by those actions has caused concrete and particularized injury to Plaintiff Fieldwork, including, on information and

belief, sales lost due to customer confusion.

50. Defendant Deciduous' violation of the UCL entitles Plaintiff Fieldwork to restitution and disgorgement of profits and revenues obtained by Defendant as a result of such unfair business conduct, in an amount according to proof.

51. Plaintiff Fieldwork is entitled to injunctive relief under the UCL. Plaintiff Fieldwork lacks an adequate remedy at law because of the irreparable and unquantifiable injury that results from unfair competition in the craft beer market. California law authorizes injunctive relief to protect businesses, such as Plaintiff Fieldwork's, from unfair competition.

## FOURTH CAUSE OF ACTION

### False Advertising Under California's Advertising Law

### Cal. Bus. Prof. Code §§ 17500 *et seq.*

52. Plaintiff incorporates herein by this reference paragraphs 1 through 51 as though fully set forth herein.

53. Pursuant to section 17500 of the California Business and Professions Code, it is "unlawful for any person, firm, corporation or association, . . . to make or disseminate or cause to be made or disseminated before the public in this state . . . [in] any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property . . .  which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

54. Defendant Deciduous committed acts of false advertising, as defined in section 17500, by advertising craft beer for sale in a state where the trademark FIELDWORK is known to customers and associated with Plaintiff Fieldwork's craft breweries and taprooms, because those claims are false and misleading as to the source of the goods.

55. Because Defendant Deciduous was made aware of its infringing activity and a high likelihood of consumer confusion in the craft beer marketplace as early as February 2019 by Plaintiff Fieldwork, Defendant Deciduous knew that advertising the sale of "fieldwork" beer products was false, untrue and misleading to California consumers.

///

56. Defendant Deciduous' actions in violation of section 17500 were false and misleading such the general public are and were likely to be deceived.

57. Plaintiff Fieldwork and California consumers lost money or property as a result of Defendant Deciduous' false advertising violations.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment in its favor against Defendant as follows:

1. For damages according to proof;
2. For injunctive relief restraining Defendant from using the FIELDWORK trademark or otherwise infringing on the Mark;
3. For restitution, disgorgement or profits, revenues, or payments according to proof;
4. For reasonable attorneys' fees and costs of suit to the fullest extent allowed by law;
5. For punitive and exemplary damages; and
6. For such other and further relief as the Court deems just and equitable.

Dated:  June 7, 2019                              **AD ASTRA LAW GROUP, LLP**

By  /s/ Katy M. Young
    Katy M. Young
    Hannah M. Stitt
    Attorneys for Plaintiff
    Far West Brewing, LLC dba Fieldwork Brewing

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury in this action on all issues so triable.

Dated:  June 7, 2019                                         **AD ASTRA LAW GROUP, LLP**


By */s/ Katy M. Young*
    Katy M. Young
    Hannah M. Stitt
    Attorneys for Plaintiff
    Far West Brewing, LLC dba Fieldwork Brewing

-1-
**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DEMAND FOR JURY TRIAL**